Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9405 | **DATE** | 12/10/2012 |
| **CASE TITLE** | Thomas McClain (#A-73519) v. Mark Curran, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's certificate is construed as a motion for leave to proceed *in forma pauperis* [#4] and is granted. The Court authorizes and orders Dixon Correctional Center officials to deduct $26.54 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Inmate Trust Account Office at Dixon Correctional Center to facilitate compliance. Pursuant to 28 U.S.C. § 1915A, Defendants Curran, and the unnamed Director of the Lake County Jail are dismissed as Defendants. With respect to Plaintiff's deliberate indifference to medical care claim, Court dismisses the complaint on file without prejudice. Plaintiff is granted until 1/10/13 in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint by 1/10/13 will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Plaintiff's motion for appointment of counsel [#5] is denied.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Plaintiff, currently in state custody at Dixon Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on August 26, 2012, he slipped and fell on water that had leaked from under a shower door on the floor of his cell house. He further alleges that he was subjected to deliberate indifference to a serious medical condition by Defendant Correctional Officer Fugelseth. He alleges that he did not see a doctor after the fall until he was transferred to Stateville Correctional Center four days later. He alleges he was given tylenol and ice packs in the intervening four days.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $26.54. The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Dixon Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

In this case, Plaintiff alleges that he slipped and fell in water that had leaked out from under a shower door that had no water strip blocking the base of the door. It is most unfortunate that Plaintiff was injured; however, his allegations do not implicate the Constitution. Although wet floors do present a possibility that inmates might slip, strewn floors do present a possibility that inmates might slip and fall, Plaintiff's allegations do not suggest

AWL

a substantial risk of serious harm that reflects the deliberate indifference required to impose liability under the Fourteenth Amendment. *Compare LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors. . . do not state even an arguable claim for cruel and unusual punishment"). At most, Plaintiff has shown that Defendants were negligent, but negligence alone is not enough to support a claim of deliberate indifference. *Daniels v. Williams*, 474 U.S. 327, 332 (1986); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Any cause of action for negligence must be brought in state court. As Plaintiff's claim against Defendants Curran and Director of the Lake County Jail is for negligence only, and he makes no other claim against them, they are dismissed as Defendants.

To the extent Plaintiff is alleging deliberate indifference to a serious medical condition against Defendant Fugelseth, he must submit an amended complaint. Rule 8(a) of the Federal Rules of Civil Procedure requires the complaint to contain: (1) a short and plain statement of the basis for the court's jurisdiction; (2) a short and plain statement of the plaintiff's basic claims, and (3) a demand for the relief sought. Plaintiff's claim must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), Plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (2004).

"[A] prison official may evidence deliberate indifference by failing to treat or delaying the treatment of a serious medical need." *Langston v. Peters*, 100 F.3d 1235, 1241 (7th Cir. 1996) (*citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). For liability to exist the medical need must be objectively serious and the prison officer's reaction must have amounted to deliberate indifference, *i.e.* a conscious disregard of a known serious risk of harm. *Langston*, 100 F.3d at 1241. Plaintiff has pled that he did not see a doctor after the fall until he was transferred to Stateville Correctional Center, four days later, but that he received tylenol and ice packs while at the Lake County Jail. He also says he had injuries to his back, right leg, and shoulder, but does not adequately describe the injuries for the Court to determine whether his injuries were objectively serious. So, Plaintiff should tell the Court and Defendants how seriously he was injured, and what Defendant Fugelseth did in response to Plaintiff's injuries.

For the foregoing reasons, the Court dismisses Plaintiff's complaint without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint on the Court's amended civil rights complaint form, assuming he can articulate a viable claim against Defendant Fugelseth. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Clerk of Court. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the proposed amended complaint, without reference to the prior pleadings. Any exhibits Plaintiff wants the Court to consider in its threshold review of the proposed amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply by 1/10/13, the case will be summarily dismissed, on the understanding that Plaintiff does not choose to pursue his claims in federal court.

Finally, Plaintiff has filed a motion for appointment of counsel. The motion is denied. Plaintiff has no right to counsel in a civil case. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). The case at the present time does not involve complex discovery or an evidentiary hearing, and Plaintiff's current pleadings indicate that he has the presence of mind and intellectual capability to continue representing himself at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *See Pruitt v. Mote,* 503 F.3d 647, 656-59. (7th Cir. 2007). Consequently, the Court denies his motion without prejudice to renewal should the case proceed to a point that assistance of counsel is appropriate.